# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 03-0085 |
| v. | : | |
| | : | |
| | : | CIVIL ACTION |
| SPENCER BURTON | : | |
| | : | NO. 06-2485 |
| | : | |

## Memorandum and Order

YOHN, J.                                                                January ___, 2007


        Defendant Spencer Burton has filed a motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 ("§ 2255 motion").  Burton asserts claims for ineffective assistance

of counsel, unconstitutional search, and misconduct on the part of the government.  The

government has filed a response asserting a defense that the motion is barred by the applicable

statute of limitations.  After careful consideration of Burton's § 2255 motion, the government's

response, and Burton's reply thereto, I conclude that the § 2255 motion is untimely and will

dismiss it without an evidentiary hearing.


**I.  Background**

        In November of 2003, a jury convicted Burton of possession with intent to distribute over

fifty grams of cocaine in violation 21 U.S.C. § 841(a)(1) and (b)(1)(A).  On April 7, 2004,

Burton was sentenced to 240 months of imprisonment followed by ten years of supervised

release.[1]  Due to a clerical error, an amended judgement of sentence was entered on April 20,

2004.  On June 23, 2004, Burton filed, *pro se*, a notice of intent to file direct appeal and a request

for leave to file an out of time appeal.[2]  This court denied the request for leave to file an out of

time appeal on June 29, 2004, concluding that the request was untimely under Rule 4(b)(4) of the

Federal Rules of Appellate Procedure.[3]  Burton did not appeal that denial.

On June 12, 2006, Burton filed the instant § 2255 motion.[4]  In his motion, Burton

presents eight claims:  (1) his conviction relied on evidence obtained through an unconstitutional

search and seizure; (2) pre-trial counsel was ineffective for failing to move for the suppression of

evidence obtained without a search warrant; (3) pre-trial counsel was ineffective for failing to

comply with Burton's request that counsel file a motion to suppress evidence obtained with an

overly-broad search warrant; (4) pre-trial counsel was ineffective for failing to comply with

Burton's request that counsel file a motion to suppress certain parts of an affidavit; (5) the

---

[1]Burton was represented by Michael J. Holston ("pre-trial counsel") at his preliminary
hearing, arraignment, and plea.  Earl J. Kauffmann ("trial counsel") represented Burton at trial
and sentencing.

[2]Burton was required to file his notice of appeal within ten days after the entry of
judgment.  Fed. R. App. P. 4(b)(4).

[3]Rule 4(b)(4) allows for an extension of time "for a period not to exceed 30 days from the
expiration of the time otherwise prescribed by this Rule."  Fed. R. App. P. 4(b)(4).

[4]Burton's original § 2255 motion (Docket No. 69) was not submitted on the appropriate
documents.  This original motion could not be found in the Clerk's file.  In order to give Burton
the benefit of the prisoner mailbox rule, I will assume that he placed his original § 2255 motion
in the prison mailing system one month prior to June 12, 2006, the date on which it was filed
with the Clerk's office.  *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (discussing
*Houston v. Lack*, 487 U.S. 266 (1988)).  On July 13, 2006, Burton resubmitted his § 2255 motion
on the appropriate documents.  (*See* Docket No. 71.)

prosecution failed to provide him evidence favorable to his defense;[5] (6) trial counsel was ineffective for failing to comply with Burton's request that counsel seek a continuance in order to file motions to suppress evidence; (7) trial counsel was ineffective for failing to comply with Burton's request that counsel file a motion to reopen his suppression hearing; and (8) he was denied his right to appeal due to trial counsel's failure to comply with Burton's request for an appeal to be filed.  The government has filed a response arguing that the motion should be dismissed because it is barred by the applicable statute of limitations and, alternatively, because the claims are without merit.  On October 4, 2006, this court issued an order allowing Burton until November 15, 2006 to file a reply to the government's defense that the motion is time-barred.  Burton filed a reply[6] arguing that the statute of limitations did not begin to run until June 28, 2005, the date on which he received his suppression hearing transcripts.

**II.  Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to petitions for writ of habeas corpus brought by persons in federal custody.  28 U.S.C. § 2255.  The one-year limitations period begins running from the latest of:

> (1) the date on which the judgment of conviction becomes final; . . . or (4) the date on which the facts supporting the claim or claims presented *could* have been discovered through the exercise of due diligence.

---

[5]According to Burton, a police officer testified at a suppression hearing, which was held on July 11, 2003, that he had relied on a certain police report.  Burton alleges that the police report was favorable to his defense and that it was never produced by the government.

[6]Burton's reply was received on November 16, 2006.  However, pursuant to the prisoner mailbox rule, I will assume it was received into the prison mail system at least by the preceding day.  *See Longenette*, 322 F.3d at 761.

§ 2255 (emphasis added).  Generally, under § 2255(1), where a federal criminal defendant does not pursue a direct appeal and the district court has not granted an extension of appeal time for good cause or excusable neglect, the judgment becomes final ten days after it is entered.  *See Clay v. United States*, 537 U.S. 522, 532 (2003); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).  Under § 2255(4), the test of whether a petition is time-barred is an objective one; "[d]ue diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence [under] the circumstances."  *Schlueter v. Varner*, 384 F.3d 69,74 (3d Cir. 2004) (interpreting 28 U.S.C. § 2244(d)(1)(D)).[7]

The government argues that Burton's § 2255 motion is time-barred under § 2255(1).  The amended judgment of sentence was entered on April 20, 2004.  Burton did not directly appeal his conviction.  While Burton did file a request for an extension of appeal time, that request was denied as untimely under Rule 4(b)(4) of the Federal Rules of Appellate Procedure and does not affect the already expired deadline.  As such, the government asserts that Burton's conviction became final on April 30, 2004, and thus the statute of limitations for filing a § 2255 motion expired on April 30, 2005.  The government therefore argues that because Burton did not file his § 2255 motion until approximately May 12, 2006–more than one year after the statute of limitations expired–his § 2255 motion is untimely.[8]

In response, Burton argues that his motion is not time-barred because it was filed within

---

[7]While the Third Circuit has held that the statute of limitations in AEDPA is subject to the doctrine of equitable tolling, *see Merritt v. Blaine*, 326 F.3d 157, 161 (3d. Cir. 2003), Burton has not presented any allegations or argument that would support the application of equitable tolling to the instant motion.

[8]Affording Burton the benefit of the prisoner mailbox rule, I will use May 12, 2006 as the date of filing in evaluating the timeliness of his § 2255 motion.  *See supra* note 4.

one year from the date on which the facts supporting his claims could have been discovered through the exercise of due diligence. *See* § 2255(4). Burton asserts that the transcripts from his suppression hearing notified him of the facts necessary to support the claims presented in his § 2255 motion, and that he only acquired those transcripts on June 28, 2005, after exercising due diligence. Because he believes the statute of limitations began to run on that date and his § 2255 motion was filed on approximately May 12, 2006 under the prisoner mailbox rule, Burton argues that his motion is not barred by the one-year limitations period. However, this court disagrees because the facts supporting all of Burton's claims were known to him or could have been discovered by a person exercising due diligence well before May 12, 2005, one year prior to the date on which his § 2255 motion was deemed filed under the prisoner mailbox rule. *See supra* note 4.

Burton's first four claims involve the prosecution's use of evidence obtained with an allegedly invalid search warrant and the failure of pre-trial counsel to move to suppress that evidence. Burton claims that his conviction relied on this evidence, and that pre-trial counsel was ineffective for failing to move for its suppression. However, it is evident from Burton's motion to suppress filed on June 19, 2003 (Docket No. 23), that Burton was aware of the facts supporting the first four claims of his § 2255 motion nearly two years before May 12, 2005. In fact, Burton's memorandum of law in support of his motion to suppress contains substantially the same arguments now underlying his § 2255 motion: the evidence was obtained with an invalid warrant. Further, Burton's fourth claim in his § 2255 motion–that pre-trial counsel was ineffective for failing comply with Burton's request that counsel file a motion to suppress certain parts of an affidavit–must be rejected. Burton knew the facts underlying this claim even before

5

trial began in November of 2003, shortly after pre-trial counsel failed to comply with his request. As such, this court concludes that Burton knew of the facts supporting the first four claims of his § 2255 motion–or by exercising due diligence certainly could have discovered them–well before May 12, 2005.

Likewise, the facts supporting Burton's remaining claims could have been discovered by a person exercising due diligence before May 12, 2005. The facts supporting Burton's fifth claim–that the prosecution failed to provide him with a police report favorable to his defense–could have been discovered at the suppression hearing on July 11, 2003, at which a police officer testified that he relied on the allegedly undisclosed police report. *See supra* note 5. Further, his sixth and seventh claims for ineffective assistance of counsel were known to Burton, or certainly could have been discovered by him prior to the conclusion of trial. In those claims, Burton asserts that trial counsel was ineffective for failing to comply with his requests that trial counsel: (1) seek a continuance to file more motions to suppress evidence, and (2) file a motion to suppress certain statements made by police officers in their affidavits. A person exercising due diligence would have known of his attorney's noncompliance with the requests by the conclusion of the trial. Lastly, Burton's eighth claim for denial of right to direct appeal would also have been discovered by a person exercising due diligence before May 12, 2005. In this last claim, Burton alleges that trial counsel did not comply with his request for trial counsel to file a direct appeal, an action a person exercising due diligence could and would have realized shortly after being sentenced. In fact, Burton was aware that trial counsel did not file a timely direct appeal as of June 23, 2004, the date on which he filed his *pro se* request for leave to file an out of time appeal. Thus, I conclude that a person exercising due diligence could and would have

6

discovered the facts supporting Burton's last four claims in his § 2255 motion well before May 12, 2005.

### III.  Conclusion

For the aforementioned reasons, I conclude that Burton's § 2255 motion is barred by the one-year statutory filing period contained in AEDPA.  As such, the motion will be dismissed. The court must now determine if a certificate of appealability should issue.  A court may issue a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires that the defendant "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [defendant] should be allowed to proceed further."  *Id.*  As shown above, Burton's motion violates the one-year statutory filing period contained in AEDPA.  Therefore, a certificate of appealability will not issue.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                            |   |                |
|----------------------------|---|----------------|
| UNITED STATES OF AMERICA   | : | CRIMINAL ACTION |
|                            | : |                |
|                            | : | NO. 03-0085    |
| v.                         | : |                |
|                            | : |                |
|                            | : | CIVIL ACTION   |
| SPENCER BURTON             | : |                |
|                            | : | NO. 06-2485    |
|                            | : |                |

## Order

YOHN, J.

     AND NOW on this _____ day of January 2007, upon consideration of defendant Burton's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the government's response, and defendant's reply thereto, it is hereby ORDERED that:

1. Defendant's § 2255 motion is DISMISSED.

2. The defendant having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.

                                           s/ William H. Yohn Jr.
                                          William H. Yohn Jr., Judge