IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

                                        :

                v.                  :      CRIMINAL ACTION NO. 03-085

                                        :

SPENCER BURTON            :

                                        :

**MEMORANDUM**

YOHN, J.                                                  July 17, 2012

Currently before me is defendant Spencer Burton's *pro se* motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, I will deny his motion.

On November 5, 2003, a jury found Burton guilty of one count of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1). At the time Burton was sentenced, 21 U.S.C. § 841(b)(1) imposed a mandatory minimum sentence of ten years of imprisonment for such offenses involving 50 grams or more of crack (Burton was found to have 101 grams), and the mandatory minimum was increased under the statute to twenty years of imprisonment for those defendants who, like Burton, had a prior conviction for a felony drug offense.[1]

_____

[1] The government filed an information, under 21 U.S.C. §851, charging Burton with a prior conviction for a felony drug offense, and, at the time Burton was sentenced, 21 U.S.C. § 841(b)(1) provided, in relevant part, that "[i]f any person commits [a violation of § 841(a) involving 50 grams or more of crack] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A).

Under the applicable Sentencing Guidelines,[2] Burton's offense level was initially determined to be 32, and he was initially placed in criminal history category III, which would have yielded a guideline range of 151 to 188 months of imprisonment but, because of the mandatory minimum sentence imposed by 21 U.S.C. § 841(b)(1), yielded a guideline sentence of 240 months under § 5G1.1(b). Then, because Burton qualified as a career offender under U.S.S.G. § 4B1.1, he was assigned an offense level of 37 and a criminal history category of VI, which yielded a guideline range of 360 months to life. Finding that application of the career-offender provision overrepresented his criminal history, however, I granted a downward departure under U.S.S.G. § 4A1.3 and, on April 6, 2004, sentenced him to 240 months of imprisonment, the statutory mandatory minimum.[3]

On August 3, 2010, the president signed into law the Fair Sentencing Act of 2010, which, among other things, increased the threshold amounts of crack that trigger mandatory minimum prison sentences. *See* Pub. L. No. 111-220, 124 Stat. 2372. In so doing, the act reduced the disparity between the amount of powder cocaine and the amount of crack required to trigger the mandatory minimums—instead of the existing ratio of 100:1, the act adopted a ratio of 18:1. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). The act also authorized the United States Sentencing Commission to make conforming amendments to the Sentencing Guidelines, *see* Fair Sentencing Act § 8, 124 Stat. at 2374, which the Sentencing Commission did. Effective November 1, 2010, the Sentencing Commission revised the drug-quantity tables to be consistent with the amended statutory penalties in the Fair Sentencing Act. *See* U.S.S.G. app. C, amend.

---

[2] I used the November 1, 2002, edition of the Sentencing Guidelines.

[3] I also sentenced him to 10 years of supervised release and imposed a $100 special assessment and a $2,000 fine.

748. The Sentencing Commission later made this amendment retroactive effective November 1, 2011. *See id.* app. C, amends. 750, 759.

On April 17, 2012, Burton filed a *pro se* motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

As a general rule, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has, however, provided an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2).

Here, although Burton purports to seek a reduction in his sentence on the basis of the 2011 amendments to the Sentencing Guidelines, his argument essentially is that the Fair Sentencing Act should be applied retroactively to reduce his sentence, which corresponded to the mandatory minimum applicable at the time of his sentencing. As Burton points out, under the amended statute, given the amount of crack involved (101 grams) and his prior felony drug conviction, his offense would carry a mandatory minimum sentence of 10 years of imprisonment, instead of 20 years.

But, even assuming that § 3582(c)(2) permits a claim based on the Fair Sentencing Act (as opposed to an amendment to the Sentencing Guidelines),[4] Burton's claim must fail because the Fair Sentencing Act does not apply retroactively to defendants who, like Burton, were sentenced before its effective date. *See United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir. 2010), *cert. denied*, *Williams v. United States*, 131 S. Ct. 2947 (2011).

---

[4] The Third Circuit has questioned whether § 3582(c)(2) permits such a claim but has not decided the issue. *See United States v. Crute*, No. 12-1397, 2012 WL 2054914, at *1 & n.3 (3d Cir. June 8, 2012) (not precedential). I need not decide the issue here, because Burton's claim clearly lacks merit.

Burton contends, however, that the failure to apply the Fair Sentencing Act retroactively denies him equal protection of the law in violation of the Fifth Amendment and constitutes cruel and unusual punishment in violation of the Eighth Amendment. There is simply no merit to these arguments.

Burton seems to make two equal-protection arguments. First, he contends that the Fair Sentencing Act was enacted to "eliminate [the] unjustifiable disparity between crack and powder cocaine offenders" and that, unless the Fair Sentencing Act is applied retroactively, he and other defendants who were sentenced before the act took effect will continue to be subject to that disparity and thus denied equal protection of the laws. (Mot. to Modify Sentence at 6.) But the Third Circuit has consistently rejected equal-protection challenges to the 100:1 crack-powder disparity that existed before the Fair Sentencing Act took effect, *see United States v. Alton*, 60 F.3d 1065, 1068–70 (3d Cir. 1995); *United States v. Frazier*, 981 F.2d 92, 95 (3d Cir. 1992), and the court has seen no reason to reconsider its holdings in light of the Fair Sentencing Act, *see United States v. Moore*, 435 F. App'x 125, 128 (3d Cir. 2011) (not precedential), *cert. denied*, 132 S. Ct. 357 (2011).

Second, Burton contends that the failure to apply the Fair Sentencing Act retroactively denies him equal protection by treating him differently from those defendants who were sentenced after the act took effect. But, as the Supreme Court has explained in connection with amendments to the Sentencing Guidelines, "[w]e are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments." *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). Similarly, there is no authority suggesting a constitutional requirement that "amendments to *legislation* that alter penalties but create no new rights, procedural or otherwise," be applied

4

retroactively. *United States v. Robinson*, 405 F. App'x 72, 73 (7th Cir. 2010) (not precedential); *accord United States v. McBride*, 426 F. App'x 471, 474 (8th Cir. 2011) (not precedential).

Burton's Eighth Amendment argument is similarly unavailing. Burton contends that, with the enactment of the Fair Sentencing Act, Congress acknowledged that the 100:1 crack-powder ratio subjected crack offenders to grossly disproportionate and excessive sentences and that the failure to apply the Fair Sentencing Act retroactively would thus violate the Eighth Amendment. But the Third Circuit has held that neither the mandatory minimum sentences for crack offenses under 21 U.S.C. § 841 nor the 100:1 crack-powder ratio violates the Eighth Amendment's prohibition against cruel and unusual punishment, *see Frazier*, 981 F.2d at 96, and the court has declined to reconsider its holding in light of the enactment of the Fair Sentencing Act, *see Moore*, 435 F. App'x at 128.

I thus conclude that the Fair Sentencing Act may not be applied retroactively to reduce Burton's sentence.

To the extent that Burton contends that he is entitled to a reduction in his sentence on the basis of the amendments to the Sentencing Guidelines, his claim must similarly fail.

Under 18 U.S.C. § 3582(c)(2), a district court "may reduce the term of imprisonment" of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement, which is set forth in U.S.S.G. § 1B1.10 and which is binding on courts, *see Dillon*, 130 S. Ct. 2683, provides that a sentence reduction resulting from the application of a retroactive amendment to the Sentencing Guidelines is not consistent with the policy statement if the amendment "does not have the effect of lowering the defendant's

applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). Thus, unless Burton's applicable

guideline range would be lowered because of the amendments to the Sentencing Guidelines, he is

not eligible for a reduction in his sentence.

A defendant's "applicable guideline range" refers to the guideline range determined

before any departures are granted—the defendant's "pre-departure range." *See* U.S.S.G.

§ 1.B1.10 cmt. n.1(A) (explaining that the applicable guideline range is "the guideline range that

corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a),

which is determined before consideration of any departure provision in the Guidelines Manual or

any variance").[5] Thus, Burton's applicable guideline range is the sentencing range determined

under the career-offender guidelines in § 4B1.1(b), before I granted a downward departure under

§ 4A1.3. But, while the applicable amendment to the Sentencing Guidelines (Amendment 750)

revised the crack quantities in the drug-quantity table in § 2D1.1(c) and thereby lowered the base

offense levels for most crack offenses, it did not alter the offense levels (or the criminal history

category) applicable to career offenders under § 4B1.1(b) and thus would not have the effect of

lowering Burton's applicable guideline range. Accordingly, a reduction in Burton's sentence

_____

[5] The meaning of the term "applicable guideline range" in U.S.S.G. § 1B1.10 had
"sharply divided the circuits." *United States v. Rivera*, 662 F.3d 166, 172 (2d Cir. 2011). In its
2011 amendment to the policy statement in § 1B1.10, however, the Sentencing Commission
expressly addressed the issue and clarified that the "applicable guideline range" is the
defendant's pre-departure range. *See* U.S.S.G. app. C, amend. 759 (reason for amendment). As
the Sentencing Commission explained, its amendment to § 1B1.10 "adopts the approach of the
Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable
guideline range referred to in § 1B1.10 is the guideline range determined pursuant to § 1B1.1(a),
which is determined before consideration of any departure provision in the Guidelines Manual or
any variance." *Id.* (emphasis added); *see also United States v. Stratton*, Crim. No. 99-326, 2012
WL 628013 (E.D. Pa. Feb. 28, 2012), *appeal docketed*, No. 12-1671 (3d Cir. Mar. 12, 2012);
*United States v. Flemming*, Crim. No. 03-148-01, 2012 WL 33019 (E.D. Pa. Jan. 5, 2012),
*appeal docketed*, No. 12-1118 (3d Cir. Jan. 19, 2012).

would not be consistent with the applicable policy statement in § 1B1.10, and Burton thus is not entitled to a reduction in his sentence under § 3582(c)(2).[6]

Because the Fair Sentencing Act did not retroactively amend the mandatory minimum sentence to which Burton was subject under 21 U.S.C. § 841(b)(1) at the time he was sentenced, and because Burton is not otherwise entitled to a reduction in his sentence under § 3582(c)(2), I will deny his motion. An appropriate order accompanies this memorandum.

---

[6] The same would be true even if Burton's applicable guideline range were his post-departure range because I sentenced Burton to the statutory mandatory minimum sentence and the amendments to the Sentencing Guidelines did not alter the statutory mandatory minimum. *See United States v. Doe*, 564 F.3d 305 (3d Cir. 2009); *see also* U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or *statutory* provision (e.g., a *statutory mandatory minimum term of imprisonment*.*" (emphasis added)).